IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS CREEKMORE, # K-55373, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOCTOR VIPEN SHAH, )<br>SUZANN BAILEY, )<br>JACQUELINE LASHBROOK, )<br>and IDOC DIRECTOR, )<br>)<br>Defendants. ) | Case No. 16-cv-00246-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Travis Creekmore, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights at Pinckneyville. (Doc. 1). Since 2014, Plaintiff has been served a soy diet at the prison and blames his current health problems on the diet. Plaintiff now sues the Illinois Department of Corrections' Director (IDOC Director), Jacqueline Lashbrook (prison warden), Vipen Shah (prison doctor), and Suzann Bailey (IDOC food services administrator) for monetary damages. (Doc. 1, pp. 5-7).

This matter is before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review.

## The Complaint

For the past two years, Plaintiff has been served a soy-based diet at Pinckneyville. (Doc. 1, p. 5). During the same time period, he has suffered numerous painful and protracted bouts of constipation, each lasting up to six days. He has also suffered from severe headaches, gas, and fatigue. (*Id*.).

In March 2014, Plaintiff filed two written requests for medical treatment at the prison, but he received no response. In early 2015, he filed a number of "soy-related" grievances and sick call requests, which were also ignored until mid-September. When Plaintiff finally met with Doctor Shah on or around September 15, 2015, the doctor refused to address his concerns. Plaintiff complained of severe headaches, gas, fatigue, and constipation. (*Id*. at 6). After hearing his complaints, the doctor instructed Plaintiff to "drink more water." (*Id*. at 5). When Plaintiff requested a test of his thyroid function, Doctor Shah said, "We don't do that. The company I work for won't allow it and I wouldn't anyway. It's not soy. Just buy more commissary." (*Id*.).

Plaintiff's family contacted the IDOC Director to complain about the soy diet. The director denied any soy problem and told Plaintiff's family to "deal with it." (*Id*.). As a last resort, Plaintiff also sent a complaint about the soy diet directly to Suzann Bailey, the food services administrator, on December 11, 2015. When she failed to respond to Plaintiff's grievance, he commenced this action. (*Id*.).

Plaintiff now sues the IDOC Director, Warden Lashbrook, Food Administrator Bailey, and Doctor Shah for conspiring to violate his rights under the Eighth and Fourteenth Amendments. He seeks monetary damages. (*Id*. at 7).

## Merits Review Under 28 U.S.C. § 1915A

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet.**
>
> **Count 2:** **Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances regarding the soy diet.**
>
> **Count 3:** **Conspiracy claim against Defendants for issuing Plaintiff a soy diet in an effort to violate his rights.**

Count 1 shall receive further review against the defendants. However, Counts 2 and 3 shall be dismissed for failure to state a claim upon which relief may be granted.

## Claims Subject to Further Review

**Count 1 - Soy Diet**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious. A condition is considered serious, if it would result in further significant injury or unnecessary and wanton infliction of

pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).  Plaintiff describes a number of untreated, painful conditions in the complaint, including headaches and constipation.  At this early stage, the complaint suggests that Plaintiff may have suffered serious side effects from the soy diet, satisfying the objective component of this claim for screening purposes.

The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).  Deliberate indifference is not satisfied where the prison official was negligent or grossly negligent; the official must have acted with the equivalent of criminal recklessness.  *Id.* at 835-37.  In this context, the doctrine of *respondeat superior* is not applicable.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  To recover damages against a supervisory official, a § 1983 plaintiff cannot rely on a theory of supervisory liability.  *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Instead, he must allege that the defendant, through his or her own conduct, violated the Constitution.  *Id*.  Alternatively, a high-level prison official may be liable in his individual capacity for conditions that are systemic in nature.  *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996).

The complaint suggests that the IDOC Director, Warden Lashbrook, Doctor Shah, and Food Administrator Bailey played a role in the decision to adopt a soy diet at the prison.  In addition, they may have responded to Plaintiff's direct or written complaints about the soy diet and its side effects with deliberate indifference.  Plaintiff complained about the diet and its side effects directly to Doctor Shah.  He filed a grievance with Food Administrator Bailey, and he had his family contact the IDOC Director to complain.  However, Plaintiff's complaints allegedly fell

on deaf ears. In the Eighth Amendment context, an inmate's "correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez*, 792 F.3d at 777-78 (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)). Given Plaintiff's efforts to put the defendants on notice of his adverse reaction to soy, the Court cannot dismiss this claim against the defendants at this time. Therefore, **Count 1** shall receive further review against the IDOC Director, Warden Lashbrook, Doctor Shah, and Food Administrator Bailey.

## Claims Subject to Dismissal

**Count 2 – Fourteenth Amendment**

The Fourteenth Amendment claim (**Count 2**) against these defendants shall be dismissed. This claim appears to arise from the fact that the defendants ignored or delayed responses to Plaintiff's grievances about the soy diet. However, prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In other words, the fact that the defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage. **Count 2** shall be dismissed with prejudice against the defendants for failure to state a claim upon which relief may be granted.

**Count 3 – Conspiracy**

The complaint also alludes to the defendants' conspiracy (**Count 3**) to destroy any paper trail addressing soy-related complaints. (Doc. 1, pp. 5-6). Plaintiff alleges that the defendants "must have destroyed all soy-related documents" which "goes along with any conspiracy claims." (*Id.*). This is the only reference to a conspiracy claim in the complaint.

To establish the existence of a conspiracy, a plaintiff "must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999)). Plaintiff's mere mention of a conspiracy is speculative at best and certainly insufficient to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). Accordingly, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff also filed a Motion for Service of Process at Government Expense (Doc. 4), which is hereby **GRANTED**. Service will be ordered on all of the defendants according to the instructions in the below Disposition.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, and **COUNT 3** is **DISMISSED** without prejudice for the same reason.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTOR, VIPEN SHAH, SUZANN BAILEY,** and **JACQUELINE LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the pending Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 5, 2016**

<u>**s/ MICHAEL J. REAGAN**</u>
**Chief Judge,**
**United States District Court**